17 So.2d 419

**RICHARDSON v. STATE.**

4 Div. 807.

Court of Appeals of Alabama.

Feb. 8, 1944.

Rehearing Denied Feb. 22, 1944.

O. S. Lewis, of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of murder in the second degree, with the punishment fixed by the jury for a period of imprisonment for ten years, this appeal was taken.

Pending the trial a few exceptions were reserved to the rulings of the court upon the admission of testimony. It is clearly apparent that these exceptions are not well taken, for upon examination of the rulings complained of in this connection we find they were wholly free from error. No insistence to the contrary has been made on this appeal. The evidence, without dispute or conflict, discloses that John L. Griffin, the deceased named in the indictment, came to his death by having been hit upon or about the head with a stick to which there was attached a metal nut, and that the defendant (appellant) struck the blows, or blow, which killed Griffin.

Practically the only dispute in the evidence as to the facts attending the killing was engendered by the testimony of the defendant himself, who testified he only struck deceased one lick and only then not

until the deceased had hit him one blow with his hand. The State's witnesses who saw the difficulty testified the defendant hit deceased with the stick in question and knocked him down, and after deceased had fallen as a result of defendant's first blow, that defendant struck him two or three other licks with the stick. The conflicts in the testimony were for the jury to consider and determine.

 The principal insistence of error for a reversal, as appears, was the action of the trial court in refusing five written charges which were based upon the theory that deceased was attempting to rob the defendant at the time the blows were struck, and hence defendant's action in taking the life of deceased was justifiable. The trial court's action in refusing the charges upon such a theory was correct and without error, as the entire evidence in the case refutes even the suggestion that deceased was attempting to rob defendant at the time he was killed.

The Attorney General, in brief filed in this case, aptly states: "The trial Court acted without error in refusing the said charges for that, being predicated upon the basis of a robbery by deceased, they were abstract, misleading, ambiguous, and only designed to divert the mind of the jury from the actual facts shown by witnesses of both the State and the defendant."

The facts of the case are substantially as follows: That on the day (or night) before the fatal difficulty, the defendant purchased a gallon of wine in a glass jar from the State Whiskey Store at Dothan and carried it to his home in Houston County, and he and others drank all of the wine, except about a quart which was left in the glass jug. The jug had two handles to it. The defendant lay down and went to sleep, and while the defendant was asleep deceased appropriated the jug of wine which was near the bed in which defendant slept. Upon awakening, defendant, missing the wine, asked those persons in the room to give it to him. One of them informed him that deceased, who was visiting the premises with others, had taken the wine into the kitchen. Whereupon, defendant went into the kitchen and confronted deceased with a demand for the wine. Deceased went outside the house, reached under the house and got the jug of wine. Defendant took hold of the other side of the jug and both men holding to the jug, each trying to take it from the other, went back into the house. In the ensuing struggle between the defendant and deceased, defendant seized the stick to the end of which there was attached a metal nut, and with which he struck deceased, according to his own testimony once, and according to the testimony of other witnesses, two or three times. It was this blow or these blows which caused the death of deceased.

The oral charge of the court was full, explicit, complete, and fair. It comprehensively covered every phase of the law involved in this case. No exceptions thereto were reserved.

There is no phase of this case which entitled the defendant to a directed verdict, hence there was no error in refusing to defendant the affirmative charge, which was requested in writing.

We have hereinabove stated no error prevailed in the action of the court in refusing the other written charges requested.

The record is regular in all respects, and no error appearing, it follows that the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.